UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LLOYD JACKSON,       )
      Plaintiff,                )
                                )       No. 1:26-cv-114
v.                           )
                                )       Honorable Paul L. Maloney
UNKNOWN PARTY #1, *ET AL.*,   )
      Defendants.               )
                                )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Vermaat's Report and Recommendation (R&R), (ECF No. 7), in which he recommended that Plaintiff's complaint be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff objected to the R&R. (ECF No. 12). After reviewing the objections, the Court finds no error in the Magistrate Judge's analysis. The R&R will thus be adopted in full and Plaintiff's complaint will be dismissed.

**I.**

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and

1

recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff alleges that various state court clerks falsified documents related to his bond. The harm from the allegedly false documents was a delay in Plaintiff's trial. Plaintiff was convicted and is presently incarcerated. In his objections, Plaintiff offers new documents and allegations. Magistrate Judge Vermaat evaluated only the allegations in the complaint, as he was required to do: a motion under Rule 12(b)(6) "invites an inquiry into the legal sufficiency

of the complaint" and, typically, nothing more. *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016).

Plaintiff's objections go into matters beyond the face of the complaint. Plaintiff references a number of exhibits and sources for new factual allegations. But in evaluating a motion to dismiss, courts "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). Plaintiffs may not "amend their complaint in an opposition brief or ask the court to consider new allegations or evidence not contained in the complaint." *Id.* (citation modified). Amending the complaint to add new allegations is accomplished through a motion under Rule 15, not through an objection to a magistrate judge's R&R. Parties cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (explaining that issues raised for the first time in objections to a magistrate judge's proposed order are "deemed waived"); *Harvey v. Lillibridge*, No. 1:21-cv-661, 2022 WL 2817666, at *1 (W.D. Mich. July 19, 2022) ("[A] party cannot raise new arguments in an objection."). The Magistrate Judge here was not presented with any of the new evidence or allegations, but if he had been, he would have been correct to not evaluate them and reach the conclusions he did based on the face of the complaint.

Even if the Court were to evaluate Plaintiff's new allegations, they would deepen the *Heck* problem rather than resolving it. Plaintiff references both in his complaint, (ECF No. 1 at PageID.3), and in his objections, (ECF No. 12 at PageID.60), a Michigan constitutional right to trial on a certain time frame that was allegedly violated. This appears to be the sole

basis for all of Plaintiff's constitutional claims, and the sole concrete injury traceable to Defendants for which Plaintiff would have standing to sue. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff argues that he does not claim "that the clerk[']s action played a role in any conviction," (ECF No. 12 at PageID.62), but if the only injury Plaintiff claims is a delay in his trial that supposedly made the proceedings constitutionally invalid, his claim is inseparable from a claim that his criminal proceedings were unconstitutional. Such claims must go through other channels, such as direct appeal in the state courts or habeas proceedings. *Heck*, 512 U.S. at 486-87. Indeed, Plaintiff makes clear in his objection that he made a motion in his state criminal proceeding on the issues he presents here that was denied. (ECF No. 12 at PageID.62). If he believes this created a constitutional infirmity in the proceedings, Plaintiff must either pursue a direct appeal or a collateral attack through a habeas proceeding rather than a § 1983 claim.

## III.

Plaintiff's sole injury is an alleged unconstitutional delay in his trial. His claims thus directly call into question the validity of his conviction, and § 1983 is not the correct vehicle to bring his claims. The Magistrate Judge properly recognized this on the face of Plaintiff's complaint, so the R&R (ECF No. 7) is **ADOPTED IN FULL.** Plaintiff's complaint (ECF No. 1) is **DISMISSED.**

**IT IS SO ORDERED.**

Date:  April 7, 2026                                  /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

4